**Rick A. YOUNG, Plaintiff—Appellant,**

v.

**Joseph LEHMAN; et al., Defendants— Appellees.**

**No. 05–35653.**

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 17, 2006.

Rick A. Young, Airway Heights, WA, pro se.

Brian G. Maxey, Esq., AGWA–Office of the Washington Attorney General (Olympia) Criminal Justice Division, Olympia, WA, for Defendants–Appellees.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Washington state prisoner Rick A. Young appeals pro se from the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action alleging violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Delta Sav. Bank v. United States,* 265 F.3d 1017, 1021 (9th Cir.2001), and we may affirm on any ground supported by the record, *First Pac. Bank v. Gilleran,* 40 F.3d 1023, 1024–25 (9th Cir.1994). We affirm.

The district court properly granted summary judgment on Young's claims against defendants in their individual capacities under the RA and Title II of the ADA because the claims are foreclosed by *Vinson v. Thomas,* 288 F.3d 1145, 1156 (9th Cir.2002).

Insofar as Young asserts claims against defendants in their official capacities for injunctive relief under the RA and Title II of the ADA, Young's claims are without merit because he failed to allege that he was discriminated against on the basis of his alleged disability. *See Duffy v. Riveland,* 98 F.3d 447, 455 (9th Cir.1996). He alleges that both disabled and nondisabled inmates on non-programming status were treated the same. *See id.*

Young's claim under Title I of the ADA fails because he admits that he did not first file a discrimination charge with the Equal Employment Opportunity Commission. *See* 42 U.S.C. § 12117(a).

The district court did not abuse its discretion in denying Young's motion to compel discovery because his requests were

---

compound, overly broad, harassing and irrelevant. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir.2002).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.